[Civ. No. 30310.   Second Dist., Div. Four.   May 17, 1968.]

MARGUERITE ELSIE MEAGHER TUSH, Plaintiff and Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF VENTURA et al., Defendants and Respondents.

Carl Kuchman, Thomas Lisle Schechter, Nichols & Rogers and Alan H. Nichols for Plaintiff and Appellant.

Herbert L. Ashby, County Counsel, Royal M. Galvin, Dixon & Adams and James Neville for Defendants and Respondents.

JEFFERSON, J.—Appellant sought a writ of mandate in the superior court of Ventura County to compel the board of supervisors to annul a use permit granted by the county's board of zoning adjustment. The permit authorized respond-

ent Jade Oil & Gas Company (hereafter "Jade Oil") to engage in the exploration for, and production of, oil and gas under its mineral rights lease on land the surface ownership of which was vested in appellant. The latter purchased the land from the predecessor in interest of respondents Hammond, the owners of the mineral rights and through whom Jade Oil derives its interest. The mineral rights include the right to use the surface for discovering, recovering and removing oil.

Following a hearing, the permit was issued subject to numerous conditions controlling Jade Oil's activities. Pursuant to local ordinance provisions, appellant filed an appeal with the board of supervisors. A hearing was held and the board denied the appeal but imposed additional conditions. Appellant then brought this action for a writ of mandate. The matter was tried and the court below entered judgment denying the writ. This is an appeal from that judgment.

The board of supervisors failed to make findings in deciding the appeal brought by appellant. Under applicable Ventura County ordinance provision, the board is required to make findings where requested before it renders its "decision."

The ordinance in question, in pertinent part, provides: "The Board of Supervisors may sustain, modify reject or overrule, wholly or partly, any decision by the Board of Zoning Adjustment. It may impose such conditions and limitations it deems necessary to assure that the general purpose and intent of this Chapter will be observed, the public interest, health, safety and welfare secured, and substantial justice will be done. *The resolution shall recite the conditions and limitations imposed. It need not recite any findings for the decision unless the appellant so requests before the Board of Supervisors renders its decision. . . .*" [Italics added.] (Section 8163.8 (4).)

In Ventura County a use permit is required for the development of natural resources, including oil and gas exploration, on land zoned for limited agricultural and residential use. The land involved in this case is so zoned.

The required permit may be granted if it is shown that the use will not be injurious or detrimental to the public health, safety or welfare, or to the property in the vicinity or zone in which the use will be situated; that any detrimental effects may be prevented with the imposition of conditions; and that

the permit is necessary for the owner of the property to make reasonable use of the property. (Sections 8121.1 and 8123.1.)

The permit granted to Jade Oil by the board of zoning adjustment was, as indicated, subject to numerous conditions. None, however, purported to limit its operations to fixed drilling sites.

In the notice of appeal to the board of supervisors, appellant alleged that the permit was detrimental to the public interests and to the property owned by appellant, and was not reasonably necessary for the development of oil and gas.

On September 28, 1965, a hearing was held by the board of supervisors on the appeal filed by appellant, and evidence was presented both by appellant and Jade Oil. The position taken by appellant was not that Jade Oil should be denied a permit to drill for oil, but that an additional condition should be imposed restricting its drilling to fixed sites.

At the conclusion of the September 28th hearing, a resolution was passed by the board to ''deny the appeal,'' but to continue ''the final action on the specific conditions'' to be imposed on the permit, to October 5, 1965. The resolution included instructions to the district attorney and planning commission ''to submit a final list of conditions taking into consideration all new testimony.''

On October 5, 1965, the board of supervisors met again to consider the conditions to be imposed. At the hearing the board discussed the conditions inserted by the board of zoning adjustment and decided to add additional conditions of its own, but not the condition sought by appellant. The hearing concluded with the adoption of a resolution approving the final list of conditions.

Appellant filed a request for findings on September 30, 1965. This was prior to the hearing of October 5, at which the final list of conditions was approved.

Respondents contend that, since the appellant did not request findings prior to the September 28th hearing, the board had no duty to make findings. The theory of respondents is that, when the board adopted the resolution ''to deny the appeal'' at the conclusion of that hearing, it had rendered its ''decision'' within the meaning of section 8163.8(4) ; that, therefore, appellant's request of September 30th for findings came too late. We fail to agree with respondents' position.

A decision of the board of supervisors is announced by the adoption of a resolution. Ordinance section 8163.8(4)

expressly provides that, in reviewing and passing on rulings of the board of zoning adjustment, the board of supervisors "may impose such conditions and limitations it deems necessary." The section thereafter states that "the resolution shall recite the conditions and limitations imposed." Thus, the "decision" referred to in section 8163.8(4) must be one which disposes of all matters relating to conditions to be imposed. Such a decision was not made by the board until October 5, 1965, when it adopted the final set of conditions to be attached to Jade Oil's permit. Since appellant requested findings on September 30, 1965, appellant was entitled to findings under section 8163.8(4).

With respect to the nature of the findings required, the county zoning ordinance sets forth the requirements which must be satisfied for the issuance of a use permit. Written determinations by the board, that facts exist in the record establishing that those requirements have been met, are called for. (See *County of Amador* v. *State Board of Equalization*, 240 Cal.App.2d 205 [49 Cal.Rptr. 448]; *Williams* v. *City of San Bruno*, 217 Cal.App.2d 480, 489 [31 Cal.Rptr. 854].)

Having concluded that the case must be returned to the board of supervisors in order that it may make findings for its decision as required by local ordinance, we do not reach the substantive question of whether the record discloses evidentiary support for the board's decision.

The judgment is reversed and the cause is remanded to the superior court with directions to issue a writ of mandate directing the Ventura County Board of Supervisors to vacate the resolution of October 5, 1965, thereafter to make specific findings of fact as required by section 8163.8(4) of the applicable ordinance, and thereafter to proceed with the adoption of such resolution as said findings may support.

Files, P. J., and Kingsley, J., concurred.