[Civ. No. 24434. First Dist., Div. Two. Dec. 17, 1968.]

JAMES O. ROBISON et al., Plaintiffs and Appellants, v. CITY OF OAKLAND et al., Defendants and Respondents; HILLER INDUSTRIES et al., Interveners and Respondents.

Burnstein & Shapiro, Robert C. Burnstein and Sandra J. Shapiro for Plaintiffs and Appellants.

Edward A. Goggin, City Attorney, and George M. Cahalan, Assistant City Attorney, for Defendants and Respondents.

Caldecott, Peck & Phillips, Chester E. Caldecott, Thomas N. Stewart, Graham, James & Rolph and E. Myron Bull, Jr., for Interveners and Respondents.

SHOEMAKER, P. J.—Plaintiffs appeal from an adverse judgment in a mandamus proceeding whereby they sought to invalidate an ''Exception To Use'' permit granted by defendants City of Oakland and its council.

In 1964, the owners of approximately 70 acres of property located in the North Oakland hills (and hereafter referred to as the "Hiller-Bothin property") filed an application to rezone said property from "A" (One-Family District) to "B" (Medium Density Residential District). They also filed an application to construct a planned unit development on said property. On August 25, 1964, after the Oakland City Planning Commission had denied the rezoning application by a three-to-three vote, the Oakland City Council adopted an ordinance rezoning the property to "B." On October 27, 1964, the council passed a resolution which affirmed a decision by the planning commission and approved a preliminary development plan for the construction of a planned unit development on the property.

.Subsequently, the owners of certain parcels of property contiguous to the Hiller-Bothin property commenced a mandamus proceeding in the superior court whereby they sought to invalidate both the rezoning ordinance and the resolution approving the preliminary construction plan. The trial court concluded that the rezoning ordinance was enacted under circumstances which affirmatively showed the absence of the factual determinations necessary to sustain its validity. The court therefore declared the rezoning ordinance invalid and directed the city council to rescind it, without prejudice to its continuing right to consider the rezoning application again. The court further declared that the planned unit development approved by the resolution of October 27, 1964, was invalid solely because it was in conflict with the "A" zoning of the property and could not be carried into effect unless and until such conflict was properly removed.

The superior court's memorandum of decision in the above-mentioned proceeding was rendered on June 8, 1965, and the judgment was entered and writ of mandate issued on July 14, 1965.

On June 16, 1965, subsequent to the rendition of the court's memorandum of decision, the owners of the Hiller-Bothin property filed with the Oakland City Planning Commission an application for an Exception To Use permit which would authorize the construction in the single-family zone of a planned unit development containing single-family and multiple dwelling units and limited commercial and recreational facilities. The planning commission recommended denial of the permit by a three-to-three vote. Subsequently, on August 3, 1965, the city council adopted a resolution granting an Exception To Use permit and authorizing the construction on

the Hiller-Bothin property of a planned development consisting of 569 dwelling units and limited commercial and recreational facilities, subject to 31 conditions of approval.

On October 22, 1965, plaintiffs, all of whom owned property contiguous to the Hiller-Bothin property, commenced this action. Plaintiffs alleged that defendants City of Oakland and its council had acted in excess of their jurisdiction and had abused their discretion in granting the Exception To Use permit; that the granting of said permit was in reality an attempt to unlawfully rezone the property and to create a ''spot zone''; that there was no substantial evidence before the council to justify the granting of the permit; and that the council failed to make specific findings of fact, as required under the Oakland Municipal Code. Plaintiffs prayed for a declaration that the Exception To Use permit was invalid and for a peremptory writ of mandate compelling defendants to prevent construction of the planned unit development and to rescind all permits authorizing same.

The owners and developers of the Hiller-Bothin property were granted leave to intervene in the action, and thereafter filed a complaint in intervention opposing the granting of the writ of mandate.

The court made findings which summarized in detail all of the evidence produced at the hearing before the council, and concluded as a matter of law that the council had acted within its jurisdiction, had afforded a fair hearing and had not abused its discretion; that the council's findings did not comply with the requirements of section 7-1.547 of the Oakland Municipal Code, but since the council's findings and decision were based upon substantial evidence, plaintiffs were not prejudiced by the lack thereof.

Judgment was entered denying plaintiffs a peremptory writ of mandate, and they appealed therefrom.

Plaintiffs' major contentions on appeal are: (1) that the council's decision to grant the Exception To Use permit was not supported by substantial evidence, and (2) that the council failed to make a finding required by the Oakland Municipal Code.

Taking the latter contention first, plaintiffs assert that the precise procedure to be followed in the granting or denial of an Exception To Use is set forth in the Oakland Municipal Code as follows:

Section 7-1.541 states that the council ''in a specific case and after recommendation from the City Planning Commis-

sion '' may grant an exception to use and as a condition thereof may impose such reasonable conditions or restrictions as it deems necessary or appropriate.

Sections 7-1.542, 7-1.543 and 7-1.544 provide for the filing with the planning commission of an application for an Exception To Use, for a public hearing before said body, and for the giving of notice of said hearing.

Section 7-1.545 provides that ''The City Planning Commission may recommend an exception to use of property restriction if, from the petition, or the facts presented at the public hearing, or by investigation by or at the instance of the Commission, said Commission finds:

'' (1) That there are exceptional or extraordinary circumstances or conditions applicable to the property involved or to the intended use of the property so that denial of the petition would result in undue property loss, and

'' (2) That such variance would not be detrimental to the public safety, health and convenience, comfort, prosperity or general welfare nor injurious to the property or improvements of other owners of property.''

Section 7-1.546 provides for the rendition of the planning commission's decision and states that if the commission recommends the granting of an Exception To Use, it shall transmit to the council the original application and a written statement setting forth the reasons for its decision.

Section 7-1.547 provides that: ''Upon receipt of the application for an exception to a use of property regulation and the recommendation of the City Planning Commission thereon, the Council shall review the proceedings and the decision of the Commission. In conformity with the provisions of this Article, the Council may approve the recommendation of the Commission and by resolution authorize such exception, or may modify or reject, wholly or partly, the recommendation of the Commission and may make such decision or determination or may impose such condition as the facts warrant, and its decision or determination shall be final. *In the event the determination of the Council varies from the recommendation of the Commission, the Council shall make a written finding of fact setting forth wherein the specific case does or does not require, as the case may be, the granting of such exception.*'' (Italics added.)

As noted above, the city planning commission recommended denial of the application for an Exception To Use on the Hiller-Bothin property, but the council chose not to follow this recommendation and passed a resolution granting the

Exception To Use. The council's resolution contained two findings couched in the language of section 7-1.545 but contained no finding as to the specific facts upon which its decision was based.

Plaintiffs contend that a specific finding of this nature is required, under section 7-1.547, in any situation where the council's decision varies from the recommendation of the planning commission and that in the absence of such a finding, the resolution granting the Exception To Use must be deemed invalid. Defendants and interveners, on the other hand, deny that the council was required to do more than make the ultimate findings of fact set forth in section 7-1.545 and contend that if a more specific finding was required, the trial court was correct in concluding that the lack of such finding resulted in no prejudice to plaintiffs and hence furnished no basis for invalidating the resolution granting the Exception To Use.

We agree that the Oakland Municipal Code sections compel the conclusion that the council was required to make a finding specifying the particular facts upon which it based its decision to grant the Exception To Use. Section 7-1.545 authorizes the planning commission to recommend the granting of an Exception To Use only if it makes the two ultimate findings of fact set forth in that section. Section 7-1.547 requires the city council to review the commission's decision and provides that if the council agrees with the commission's recommendation to grant an Exception To Use, it need only pass a resolution which approves the commission's recommendation (and hence the findings upon which it was based) and authorizes the exception. However, the final sentence of section 7-1.547 requires that if the council's determination varies from the commission's recommendation, the council "shall make a written finding of fact setting forth wherein the specific case does or does not require . . . the granting of such exception." In our view, the ultimate findings set forth in section 7-1.545 cannot reasonably be characterized as findings of fact which set forth "wherein the *specific case*" does or does not require the granting of an exception. Moreover, the fact that the latter sentence of section 7-1.547 requires "a" written finding of fact rather conclusively demonstrates that the section could not have been intended to refer back to the two findings set forth in section 7-1.545. To the contrary, section 7-1.547 requires the council to make an additional finding which specifically enumerates those factors affecting the prop-

erty involved. In the instant case, the council makes no such finding.[1]

Defendants and interveners have suggested that the council's failure to comply with a mandatory requirement of the Oakland Municipal Code is of no moment because the trial court correctly concluded that plaintiffs were not prejudiced by the council's failure to make the required finding. This argument is untenable. The council was obviously bound by the provisions of its own ordinance. (*Tustin Heights Assn.* v. *Board of Supervisors* (1959) 170 Cal.App.2d 619, 630 [339 P.2d 914].) Since it failed to make the finding expressly required thereunder, its act of granting an Exception To Use was invalid. (*Moss* v. *Board of Zoning Adjustment* (1968) 262 Cal.App.2d 1, 8-9 [68 Cal.Rptr. 320].) The cause must be remanded to the city council in order that it may make a finding as required by the Oakland Municipal Code. (*Tush* v. *Board of Supervisors* (1968) 262 Cal.App.2d 279, 281-282 [68 Cal.Rptr. 505].)

Accordingly, the judgment is reversed and the cause is remanded with directions to the trial court to issue a writ of mandate directing the Oakland City Council to vacate the resolution of August 3, 1965, thereafter to make the specific finding of fact required by section 7-1.547 of the Oakland Municipal Code, and then to proceed with the adoption of such resolution as its finding supports.

Agee, J., and Taylor, J., concurred.

---

[1]*Cow Hollow Improv. Club* v. *Board of Permit Appeals* (1966) 245 Cal.App.2d 160 [53 Cal.Rptr. 610], contains excellent examples of the type of finding required under an ordinance such as section 7-1.547. In the *Cow Hollow* case, the San Francisco Board of Permit Appeals was required by ordinance, in the event its decision varied from that of the Zoning Administrator, to " ' specify in its findings the facts relied upon in making such determination.' '' (P. 170.)